COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Elder and Kelsey
Argued at Richmond, Virginia


JAMES THOMAS WATTS
                                              MEMORANDUM OPINION* BY
v.        Record No. 2974-03-2               JUDGE D. ARTHUR KELSEY
                                                  MARCH 29, 2005
COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                              Michael C. Allen, Judge

                 Todd M. Ritter (Daniels & Morgan, on brief), for appellant.

                 Stephen R. McCullough, Assistant Attorney General (Jerry W.
                 Kilgore, Attorney General, on brief), for appellee.


        The trial court convicted James Thomas Watts of grand larceny of three power washers

taken from a Lowe's Home Improvement store.  On appeal, Watts argues the evidence was

insufficient to support his conviction.  We disagree and affirm.

                                              I.

        On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  That principle

requires us to "discard the evidence of the accused in conflict with that of the Commonwealth,

and regard as true all the credible evidence favorable to the Commonwealth and *all fair

inferences to be drawn therefrom*."  Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755,

759 (1980) (emphasis in original and citation omitted).

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

At about 4:45 a.m. on March 26, 2003, Claiborne Ramsey, Jr. arrived for work at the Lowe's in Chesterfield County. One of the store's managers, Ramsey came early to open up the store. While doing so, Ramsey saw a man running out the back door. The man ran through the back delivery yard and hid himself in a pile of lumber stacked against a fence surrounding the delivery yard. Ramsey went back into the store and called the police.

Two officers responded to the call between 4:50 and 5:00 a.m. It was still dark. Using infrared sensors, the officers saw the man (by detecting his heat silhouette) hiding behind a tree in the woods. The woods were outside the fence on the other side of a road. The officers called for a K-9 unit, but the man escaped through the woods in the direction of a parking lot.

Moments later, the officers used their infrared scope to scan the parking lot. No one was found. But one of the various cars in the lot, a green Chevrolet Lumina, showed a strong heat signature suggesting that it had been "recently run." It was still "warm" to the touch. Of the thirty or so vehicles in the lot, the Lumina was closest to the road and had been "backed up" with its trunk facing in the general direction of Lowe's. The officers found no one in the car at that time.

A few minutes later, at about 5:15 to 5:20 a.m., a man appeared at a gas station "right down the street" from Lowe's, "not far at all." He was "sweating" and "out of breath." He wore a dark shirt and dark pants. Charles Dabney, Jr., a Lowe's employee, had stopped at the gas station on his way to work. The sweaty, winded man asked Dabney for a ride. His "buddies had left him here," the man explained, and "he didn't know where he was." Concluding that the man was "up to something," Dabney refused.

Back at Lowe's, the officers discovered that three power washers had been taken and left outside the fence behind the delivery yard. One of the three had been left at the bottom of a

small hill next to the tree line where the officers had seen the fleeing suspect. Though the power washers were heavy and the fence high, they could be lifted over the fence by one person.

Later that morning at around 10:45 a.m., the green Lumina pulled out of the parking lot. The police stopped the vehicle and found Watts alone at the wheel. When questioned, Watts told the police that he had "borrowed" it from an "unknown person" for the payment of $20. It was later discovered that the Lumina had been recently stolen.

The grand jury indicted Watts on charges of grand larceny of the automobile and grand larceny of the Lowe's power washers. At trial, Dabney identified Watts as the out-of-breath, sweaty man who asked for a ride at the nearby gas station sometime between 5:15 and 5:20 a.m. The officers testified about their observations and the chronology of the investigation. They also offered photographs of the area to show the proximity of the Lowe's delivery lot, the fence and adjacent hill, the wooded area, and the parking lot where they found the Lumina. A car dealer presented evidence showing the Lumina driven by Watts had been stolen from the dealership a few days earlier.

Presenting no evidence, Watts moved to strike the evidence as insufficient. The trial court, sitting as factfinder, denied the motion and found Watts guilty as charged. "We're all familiar," the judge explained, "with the truism that facts may be proved by circumstantial evidence just as certainly as by direct evidence." Taking into account "all of the facts and the totality of the circumstances," the judge stated he was "persuaded beyond a reasonable doubt that Mr. Watts is guilty as charged."

Watts appealed to us, challenging the sufficiency of the evidence underlying both convictions. We granted the petition for appeal, however, only as it concerned the grand larceny conviction involving the Lowe's power washers.

II.

On appeal, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence" to support it. Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (citations omitted). Under this standard, we ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)); see also Seaton v. Commonwealth, 42 Va. App. 739, 747-48, 595 S.E.2d 9, 13 (2004); Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003).

On appeal, Watts does not contest that the prosecution proved the basic elements of grand larceny: a trespassory taking, asportation, intent to permanently deprive, and value exceeding $200. See Stanley v. Webber, 260 Va. 90, 96, 531 S.E.2d 311, 315 (2000) (summarizing elements of common law grand larceny codified in Code § 18.2-95); Bryant v. Commonwealth, 248 Va. 179, 183, 445 S.E.2d 667, 670 (1994). Instead, Watts argues only that no evidence proved he was the thief. We disagree.

As has often been said, "it is axiomatic that *any fact* that can be proved by direct evidence may be proved by circumstantial evidence." Etherton v. Doe, 268 Va. 209, 212-13, 597 S.E.2d 87, 89 (2004) (emphasis added). We recognize "no distinction in the law between the weight or value to be given to either direct or circumstantial evidence." Hudson, 265 Va. at 512-13, 578 S.E.2d at 785. Proof that the defendant is a "criminal agent," like any other aspect of the prosecution's burden of persuasion, may rest on "inferences to be drawn from circumstantial evidence." Cook v. Commonwealth, 226 Va. 427, 432, 309 S.E.2d 325, 329 (1983).

Here, a rational factfinder could find the circumstantial evidence proved Watts to be the thief. Only one man was seen leaving the scene of the crime. He ran out of Lowe's and into the

- 4 -

woods, leaving the stolen power washers outside the fence in his path of escape. Scanning the area with an infrared scope, the police found one man outside the store hiding behind a tree. After the man fled, the police found in a nearby parking lot what they reasonably thought to be the likely getaway car. It was still warm at about 5:00 a.m., implying that it had been driven there shortly beforehand. The car had been stolen several days earlier.

Moments after the police chased the man out of the woods, Watts showed up at a nearby gas station just down the road. He was out of breath and sweating, as if he had been running. After being denied a ride by Dabney (following Watts's suspicious story about being dropped off by friends and not knowing where he was), Watts returned to the stolen car later that morning and tried to drive away. When apprehended, Watts told the police he "borrowed" the car from someone whose name he could not recall.

True, not one of these circumstances standing alone would warrant a finding of guilt. An appellate court, however, cannot "consider otherwise innocent circumstances in isolation and conclude that each circumstance standing alone" falls short of proving the defendant's guilt. Hughes v. Commonwealth, 18 Va. App. 510, 524, 446 S.E.2d 451, 460 (1994). We cannot do so because "that approach denies reality." Id. Our common experiences teach that circumstances "do not exist in isolation of one another but exist together with every other proven fact and circumstance in the case." Id. "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Hudson, 265 Va. at 514, 578 S.E.2d at 786 (citation omitted); see also Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004).

The factual circumstances of this case, in the aggregate, permit the reasonable inference that Watts drove the Lumina into the lot just before the theft, parked it with the trunk facing the

nearby Lowe's, and left it unattended while he committed the crime. While escaping the scene of the botched theft, he ran past his getaway car to a nearby gas station — arriving sweaty and out of breath — hoping to slip out of sight by begging a ride from a complete stranger. When that plan failed, he returned to his car a few hours later assuming he could leave undetected. The trial court did not exceed its factfinding discretion in drawing these reasonable inferences from the proven facts of this case. See generally Christian v. Commonwealth, 221 Va. 1078, 1082, 277 S.E.2d 205, 208 (1981) ("Opportunity is always a relevant circumstance, of course, and, when reinforced by other incriminating circumstances, may be sufficient to establish criminal agency beyond a reasonable doubt.").[1]

III.

Finding the evidence sufficient to support Watts's conviction for grand larceny of the Lowe's power washers, we affirm.

Affirmed.

---

[1] Under settled principles, "a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution[.]'" Wright v. West, 505 U.S. 277, 296-97 (1992) (quoting Jackson v. Virginia, 443 U.S. 307, 326 (1979)).